ANTHONY STEELMAN et al., appellants,

*v.*

PHILIP P. BAKER, respondent.

Bonds of a railroad issued in excess of the amount of stock actually paid in are invalid in the hands of one who was a director at the time of such issue.

On appeal from a decree advised by Vice-Chancellor Pitney, in *Baker, Receiver, v. Guarantee Trust and Safe Deposit Co. et al.*

*Mr. Samuel W. Beldon,* for the appellants.

*Mr. Howard Carrow* and *Mr. Martin P. Grey,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

The decree appealed from should be affirmed.  The carefully-compiled statement of facts prefixed by the learned equity judge to the conclusions upon which he recommended this decree shows that these appellants were directors of the railroad company at the time the bonds claimed by them were issued, and that said bonds were to a greater amount than the amount, at the time of such issue, actually paid up on the capital stock of the railroad. These facts being clearly sustained by the proofs, the transaction is thereby brought under the ban of the criminal law (*P. L. of 1878 p. 20*), and can vest no title to the bonds in the wrong-doers.  *Atlantic City Water Works Co.* v. *Read, 21 Vr. 665.*

This result is the outcome of an accounting in which labor done and material furnished are applied as if they might constitute the "actual payment" required by the statute.  The decree, therefore, rests upon the fact that, upon the ground most favorable to the bond-claimants, there had not been any payment for the stock upon which the issue of bonds could be supported. In view of this determination of fact, no further or more stringent construction of the written law is demanded by or necessary to the decision of the pending controversy.

*For affirmance*—GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH, TALMAN —10.

*For reversal*—None.